Vincent A. Lupiano, J.
This is a motion to direct plaintiff to bring in additional parties defendant.
The action is for a declaratory judgment that plaintiff has the right, as sole surviving child, to designate the person or persons whose remains may be interred in certain remaining graves or to make testamentary disposition thereof. The graves are in a burial plot, consisting of eight graves, originally purchased by plaintiff’s father.
At the time of the father’s death, there were six children surviving him. Three of the six children were subsequently interred in the burial plot, along with their mother and father. Two other children were interred elsewhere. Plaintiff, as the only surviving child, contends that he alone can dispose of the three remaining graves.
Defendants argue that under the provisions of section 8 of the Religious Corporations Law, the title to the lot descends to the heirs at law, and that children of deceased children, are, therefore, necessary indispensable parties.
Section 8 states in part: “ Lots in such cemeteries shall be held indivisible, and upon the decease of a proprietor of such lot the title thereto shall descend to his heirs-at-law or devisees, subject, however, to the following limitations and conditions: If he leaves a widow and children, they shall have in common the possession, care and control of such lot during her life. If he leaves a widow and no children, she shall have the possession, care and control of such lot during her life. If he leaves children and no widow, they, or the survivor of them, shall in common have the possession, care and control of such lot during the life of the survivor of them.”
In section 47-c of the Decedent Estate Law, heirs at law are defined, unless the statute, the will or the instrument shall expressly or impliedly declare otherwise, as to those distributees including the surviving spouse, who are defined in section 83 of the Decedent Estate Law.
Under section 83 when a person dies leaving him surviving no spouse and more than one child, the living children and representatives of deceased children shall' share the estate equally.
Whether under the Religious Corporations Law, plaintiff has a life estate, or absolute power of disposition, should not be determined on this motion. Sufficient has been shown that the children of deceased children of the original proprietor of the lot should be made parties defendant herein, since it appears that the controversy cannot be effectively resolved in their absence, Effective determination of the controversy requires *227 the presence of the said grandchildren for their rights must necessarily be fixed and determined in the action (Henshel v. Held, 13 A D 2d 771; Civ. Prac. Act., § 193). Accordingly, the motion is granted and plaintiff shall have 90 days to bring in snch parties as defendants.